UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ, BOOKING #14745493,<br><br>  Plaintiff,<br><br>vs.<br><br>GOVERNOR GAVIN NEWSOM, et al.,<br><br>  Defendants. | Case No.:  21cv1762-CAB (JLB)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g); and**<br><br>**(2)  DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

On October 12, 2021, Plaintiff Pedro Rodriguez, an inmate at the San Diego County Central Jail in San Diego, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging denial of access to the courts.  (ECF No. 1.)  On October 14, 2021, the Court dismissed this action without prejudice because Plaintiff had failed to pay the filing fee or submit an application to proceed in forma pauperis ("IFP").  (ECF No. 2.)  Plaintiff has now filed a Motion for leave to proceed IFP.  (ECF No. 3.)

## I. Motion to Proceed IFP

### A. Standard of Review

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (internal quotations and brackets omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). To constitute a strike, a dismissal must be

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

based on one of the enumerated grounds contained in 28 U.S.C. § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016), citing 28 U.S.C. § 1915(g) (enumerating grounds as "dismissed on the grounds it is frivolous, malicious, or fails to state a claim upon which relief may be granted.") "In other words, '(w)hen we are presented with multiple claims within a single action, we assess a PRLA strike only when the "case as a whole" is dismissed for a qualifying reason.'" *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019), quoting *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016), quoting *Cervantes*, 493 F.3d at 1054. A prisoner who has accumulated three strikes is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52.

    **B.**    <u>Discussion</u>

        **1. Prior strikes**

The Court may consider the district court docket to determine if any prior dismissals qualify as strikes. *Andrews*, 398 F.3d at 1119-20. Based on the docket of this Court the Court finds that Plaintiff Pedro Rodriguez, currently identified as San Diego County Sheriff's Department Inmate Booking No. 14745493, while incarcerated, has filed five prior civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)    *Rodriguez v. Robinson, et al.*, Civil Case No. 3:14-cv-02770-LAB-WVG (S.D. Cal. Jan. 16, 2015) (Order Granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (ECF No. 4) (strike one);

2)    *Rodriguez v. Mitchell, et al.*, Civil Case No. 3:14-cv-02708-GPC-WVG (S.D. Cal. Feb. 18, 2015) (Order granting Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (ECF No. 4.) (strike two);

3)    *Rodriguez v. Stall, et al.*, Civil Case No. 3:14-cv-02646-LAB-DHB (S.D. Cal. Apr. 23, 2015) (Order Dismissing First Amended Complaint for failing to state a claim) (ECF No. 11) (strike three);

4) *Rodriguez v. Greco, et al.*, Civil Case No. 3:15-cv-02040-DMS-JLB (S.D. Cal. Jan. 15, 2016) (Order Dismissing Second Amended Complaint for failing to state a claim) (ECF No. 13) (strike four); and

5) *Rodriguez v. Pierce, et al.*, Appeal No. 16-55150 (9th Cir. July 19, 2016) (Order denying IFP on appeal based on frivolousness) (Dkt. No. 14); (9th Cir. Aug. 25, 2016) (Order dismissing appeal for failing to perfect appeal) (Dkt. No. 16) (strike five).[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and, as discussed below has failed to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to proceed IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

## 2. Imminent Danger Exception

Plaintiff's Complaint does not contain a "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055, quoting 28 U.S.C. § 1915(g). Plaintiff alleges his right of access to the courts is being violated as a result of not having access to the law library or "paper, pencils, envelopes, postage and copies" necessary to litigate three active legal cases challenging his conviction, incarceration and access to the courts. (ECF No. 1 at 1-6.) To qualify for Section 1915(g)'s imminent danger exception, the danger Plaintiff alleges he faces must be real, proximate, and/or ongoing at the time he filed his Complaint. *Cervantes*, 493 F.3d at 1056. Incidents of past harm, such as alleged by Plaintiff in his 2021 Complaint, are

---

[2] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

insufficient. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed.")

Accordingly, the Court **DENIES** Plaintiff's Motion to proceed IFP. Plaintiff may proceed with this action after paying the filing fee. *See Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

## II. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as barred by 28 U.S.C. Section 1915(g); and,

(2) **DISMISSES** Plaintiff's Complaint for failure to satisfy the filing fee requirement. Unless Plaintiff pays the $402 civil filing fee within forty-five (45) days of the date this Order is filed, the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED**.

Dated: October 25, 2021

Hon. Cathy Ann Bencivengo
United States District Judge